# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PAUL G. STEWART | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-0019-B |
| | § | |
| AUTOREVO, LTD., and AUTOREVO RC LLC, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss. Doc. 17. For the reasons that follow, the

Court **GRANTS** Defendants' motion.

## I.

## BACKGROUND[1]

This case arises out of alleged disability and race-based employment discrimination. Plaintiff

Paul Stewart was employed as one of three national dealer consultants at Defendant AutoRevo from

January through May 2014. Doc. 1, Pl.'s Compl., ¶¶ 20, 37. As a national dealer consultant, Stewart

telemarketed AutoRevo's products to car dealerships. *Id*. On May 7, 2014, Stewart presented

AutoRevo with a note from his doctor, which stated that Stewart "would benefit from being able to

---

[1]The Court draws its factual account from the initial pleadings as well as the parties' briefing on
the Motion at issue. Any contested fact is identified as the allegation of a particular party.

work from home especially while he is being treated for an acute musculoskelatal issue that requires sedating medications." Doc. 1-1, Pl.'s Compl., Ex. A. AutoRevo claims it explained to Stewart that it was concerned about the sedative nature of Stewart's medication and that the company had never allowed employees to work from home indefinitely. Doc. 18, Defs.' Br. in Supp. of Mot. to Dismiss, 5. According to Stewart, AutoRevo refused to accommodate his request to work from home and "regarded his taking 'sedative medications' as so physically or mentally impairing that he could not make telephone calls or drive a car." Doc.1, Pl.'s Compl. ¶ 33. AutoRevo terminated Stewart on May 8, 2014. *Id.* ¶ 36.

Stewart filed this action on January 3, 2017, alleging five counts of discrimination under the Americans with Disabilities Act (ADA) and one count of discrimination under Title VII of the Civil Rights Act of 1964. Doc. 1, Pl.'s Compl. AutoRevo filed its Motion to Dismiss on April 21, 2017, which asks the Court to dismiss Stewart's claims for failure to state a claim under Rules 12(b)(6) and (8)(a). Doc. 17, Defs.' Mot. to Dismiss. Defendants' Motion is ripe for review.

## II.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the Court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he [C]ourt accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to meet this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

A.   *ADA Claims*

Stewart pleads five claims under the ADA: AutoRevo failed to participate in an interactive process to identify reasonable accommodations (Count I); Stewart was regarded as disabled and AutoRevo failed to accommodate his disability and treated him less favorably than non-disabled employees (Counts II and IV), and Stewart was actually disabled and AutoRevo failed to accommodate his disability and treated him less favorably than non-disabled employees (Counts III and V). As explained below, the Court dismisses with prejudice Counts I and II, and dismisses without prejudice Counts III, IV, and V.

    1.    Failure to Participate in an Interactive Process

Stewart claims the ADA requires employers to engage in a "good faith" interactive process

to identify reasonable accommodations for a disabled employee and that AutoRevo failed to do so. Doc. 1, Pl.'s Compl., ¶¶ 47–54. AutoRevo responds that failure to engage in an interactive process is not by itself a violation of the ADA and moves to dismiss this claim on that basis. Doc. 18, Defs.' Br., 6–7. The Court agrees with AutoRevo.

An employer violates the ADA when it fails to reasonably accommodate an "otherwise qualified employee with a disability." 42 U.S.C. § 12112 (b) (5) (A). Although the Equal Employment Opportunity Commission (EEOC) regulations suggest that to reasonably accommodate a disabled employee "it may be necessary for the covered entity to initiate an informal, interactive process," 29 C.F.R. § 1630.2 (o) (3),[2] the ADA does not require employers to engage in an interactive process under all circumstances. When an employee "specifically identif[ies] the disability and resulting limitations, and [] suggest[s] the reasonable accommodations," the "employer is obligated . . . to engage in an 'interactive process'." *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009). But even then, it is the resulting failure to accommodate that constitutes the ADA violation, not the failure to engage in an interactive process. *See Cutera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 112 (5th Cir. 2005) (finding that "when an employer's unwillingness to engage in a good faith interactive process *leads to* a failure to reasonably accommodate an employee, the employer violates the ADA" (emphasis added)); *see also Claiborne v. Recovery Sch. Dist.*, 690 F. App'x 249, 253 (5th Cir. 2017).

So even if the Court found Stewart adequately pleaded facts to suggest AutoRevo was

---

[2] The Fifth Circuit has recognized that ADA EEOC regulations "provide significant guidance." *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995). Thus, the provisions cited here are offered as persuasive authority. *See Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 655, n.1 (5th Cir. 2003) (treating the same regulations as persuasive authority but not with *Chevron* deference).

obligated to engage in an interactive process, its alleged failure to do so does not support an ADA claim. Therefore, the Court **DISMISSES** with prejudice Count I.

### 2. Failure to Plead a Disability

AutoRevo claims that Stewart has failed to plead he is disabled under either the ADA's actually disabled definition or the regarded-as-disabled definition. Doc. 18, Defs.' Br. 8–10. AutoRevo is correct that Stewart must demonstrate that he has a disability to state an ADA claim. *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996). "The term 'disability' means, with respect to an individual (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102 (1)(A)–(C).

#### i. Actual Disability - Definition (A)

AutoRevo alleges that Stewart's actual disability claims fail because Stewart has not pleaded a specific disability, work-related limitations stemming from the disability, or that AutoRevo was aware of a specific disability and its limitations. Doc. 18, Defs.' Br., 8–9. AutoRevo maintains that Stewart's vague allegations of a "painful back/neck condition" described generally by his doctor as "an acute musculoskeletal issue" fall short of alleging a "specific disability." *Id.* at 9. This is particularly so, argues AutoRevo, given that Stewart supplies no detail as to how his vaguely-worded condition limits his activities. *Id.* For his part, Stewart counters that the ADA requires a plaintiff to plead only that the disability limits major life activities and that Defendants' other purported requirements are not required under the ADA or the relevant case authority. Doc. 21, Pl.'s Resp., 4–5. The Court disagrees.

To establish that he suffers from the actual disability that he alleges, Stewart must

demonstrate that he has a physical impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102 (1)(A). The EEOC regulations define physical impairment as "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems." 29 C.F.R. § 1630.2(h)(1). A major life activity includes "eating, sleeping, walking, standing, lifting, bending, . . . [and] breathing. 42 U.S.C. § 12102(2)(A). To determine whether an impairment results in a substantial limitation on a major life activity, courts consider "the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long term impact, or the expected permanent or long term impact of, or resulting from, the impairment." *Armstrong v. Boehringer Ingelheim Pharm., Inc.*, No. 3:08-cv-1458-O, 2010 WL 2540751, *15 (N.D. Tex. June 21, 2010).

Here, the only facts Stewart pleads to demonstrate that he is actually disabled are that, while working at AutoRevo, "[he] began suffering from a painful back/neck condition that substantially limited his sleeping, sitting, lifting and bending." Pl.'s Compl., ¶ 30. These facts fall short of establishing Stewart is actually disabled. Stewart does not plead any facts to provide a context from which the Court could draw a reasonable inference that his alleged back and neck pain rises to the level of a physical impairment. He states only that it is "painful" and that his doctor describes his condition as "acute." Pl.'s Compl., ¶¶ 30, 32. Similarly, he has not adequately pleaded facts to demonstrate that his alleged condition substantially limited the alleged affected activities. Merely stating that his condition substantially limits various life activities is conclusory. Stewart fails to allege any facts about the actual or expected duration and impact of the impairment. Therefore, Stewart has not pleaded sufficient facts to establish that he is actually disabled under the ADA. Because Stewart's claims based on actual disability require him first to demonstrate he is disabled, the Court

finds that Stewart has failed to state a claim for Counts III and V. Thus, the Court **DISMISSES** Counts III and V without prejudice.

> ii.       *Regarded-as-Disabled - Definition (C)*

Stewart's complaint states that "AutoRevo has regarded [] Stewart as an individual with a physical or mental impairment." Pl.'s Compl., ¶¶ 58, 72. AutoRevo alleges that Stewart has failed to adequately plead that Stewart was regarded as disabled because his condition is transitory and minor, and those conditions fall outside of the regarded-as-disabled definition. Doc., 18, Defs.' Br., 9–10. Stewart claims he has adequately established his condition was not minor. Doc. 21, Pl.'s Resp., 6. The Court declines to address the parties' arguments because it finds that Stewart has failed to adequately plead he had a perceived physical impairment.

Under the regarded-as-disabled definition, the plaintiff must establish that he has been subject to discrimination because of an "actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."[3] 42 U.S.C. § 12102 (3)(A). The Court has already determined that Stewart failed to sufficiently plead he has an actual physical impairment. Similarly, Stewart has failed to plead sufficient facts to demonstrate that AutoRevo perceived Stewart as disabled. Stewart's conclusory statement that AutoRevo regarded him as having a physical impairment is insufficient to establish he was regarded as disabled. Stewart's statement that

---

[3] AutoRevo asserts that "[Stewart] is essentially claiming that AutoRevo believed Plaintiff had an impairment that substantially limited one or more of Plaintiff's life activities" and that this contention is untrue. Doc. 18, Defs.' Br., 11. Defendants' argument is misplaced for several reasons. First, the regarded-as prong specifically states that a plaintiff can meet this definition whether or not the impairment limits a major life activity. 42 U.S.C. § 12102 (3)(A). Second, it is immaterial at this stage whether a plaintiff's claim is actually true; rather, when ruling on a motion to dismiss, a court determines only whether a plaintiff's claim is facially plausible. *Ashcroft*, 556 U.S. at 678.

AutoRevo "regarded his taking 'sedative medications' as so physically or mentally impairing that he could not make telephone calls or drive a car," Pl.'s Compl., ¶ 33, is also insufficient to plead he was regarded as disabled because it is his alleged back and neck condition that constitutes the perceived physical impairment, not the medication. Therefore, because Stewart has failed to establish he was regarded as disabled, he has failed to state a claim for Count IV. The Court **DISMISSES** Count IV without prejudice.

The Court could also dismiss Count II because of Stewart's failure to adequately plead he was regarded as disabled. But employers need not provide reasonable accommodations to employees only regarded as disabled. 42 U.S.C. § 12201(h); *Weed v. Sidewinder Drilling, Inc.*, 245 F. Supp. 3d 826, 835 (S.D. Tex. 2017). Thus, irrespective of whether a plaintiff establishes he was regarded as disabled, there is no claim under the ADA for failure to accommodate based on a regarded-as disability. Therefore, the Court **DISMISSES** with prejudice Count II.

B.    *Title VII Claim*

Stewart alleges that he experienced disparate treatment in violation of Title VII of the Civil Rights Act of 1964 because he is African American and his replacement at AutoRevo, who had less telemarketing experience than Stewart, is not. Doc.1, Pl.'s Compl., ¶¶ 41, 90–91. AutoRevo claims that Stewart failed to state a claim for disparate treatment because he did not plead he was treated "worse or differently" because of his race, or that a similarly situated employee was treated more favorably than he. Doc. 18, Defs.' Br., 14. Stewart contends that his pleadings that AutoRevo continued to employ Caucasian men as national dealer consultants and hired a Caucasian male to replace Stewart are sufficient to plausibly plead he was treated less favorably than similarly situated employees. The Court disagrees.

A plaintiff does not need to establish a prima facie case of discrimination at the pleading stage. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). But a plaintiff must plead "sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). In a Title VII claim based on disparate treatment, the plaintiff must ultimately show: "(1) he is a member of the protected class, (2) that he was qualified for the position, (3) that he suffered adverse employment action, and (4) that, in the case of disparate treatment, others similarly situated were treated more favorably." *Bouie v. Equistar Chems., LP*, 188 F. App'x 233, 236–37 (5th Cir. 2006). A plaintiff must show "'nearly identical' circumstances for the employees to be considered similarly situated." *Berquist v. Wash Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007). The ultimate question is whether the plaintiff suffered adverse employment action *because of* his protected status. *Raj*, 714 F.3d at 331.

Here, Stewart has not offered sufficient facts to make his Title VII claim plausible. He does not offer any facts from which the Court could draw an inference that he was terminated because of his race. Simply stating that he is African American and his replacement is Caucasian is insufficient. In addition, he has failed to plead sufficient facts to identify a similarly situated employee. Regardless of how narrowly the Court would ultimately construe "similarly situated," Stewart must at least identify a non-African-American, disabled AutoRevo employee who was treated more favorably than he. But Stewart pleads that neither of the other two National Dealer Consultants, who are both Caucasian, is disabled. Doc. 1, Pl.s' Compl., ¶¶ 22–23, 26. If Stewart intends to consider his replacement at AutoRevo as a similarly situated employee his claim would still fail because Stewart also pleads that his replacement is not disabled. *Id.* ¶ 10. Therefore, Stewart fails to plausibly state a Title VII claim and the Court **DISMISSES** without prejudice Count VI.

## IV.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss. Doc. 17. The

Court **DISMISSES with prejudice** Counts I and II and **DISMISSES without prejudice** Counts

III, IV, V, and VI. Plaintiff must file an amended complaint no later than **Friday, December 8,**

**2017** that addresses the deficiencies discussed herein.

**SO ORDERED.**

SIGNED: November 8, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE