# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL G. STEWART,<br>Plaintiff, | § <br> § <br> § <br> § <br> § <br> § | |
| v. | | CASE NO. 3:17-CV-00019-S |
| AUTOREVO, LTD. and AUTOREVO<br>RC, L.L.C.,<br>Defendants. | | |

## ORDER

This Order addresses Defendants AutoRevo, LTD. and AutoRevo RC, L.L.C.'s Motion to Dismiss Plaintiff Paul G. Stewart's ("Stewart") Second Amended Complaint [ECF No. 40]. For the reasons stated below, the Court grants in part and denies in part the Motion.

### I. ORIGINS OF THE DISPUTE

#### *A. Factual History*

In January 2015, AutoRevo, LTD.[1] ("AutoRevo") hired Stewart to work as a National Dealer Consultant responsible for telemarketing software as a service offered by the company. Pl.'s Second Am. Compl. (the "Compl.") ¶ 31. Stewart alleges that sometime between November 2013 and January 2014, he "began suffering from an increasingly painful neck/back condition." *Id.* ¶ 43. On May 7, 2014, Stewart claims that he gave his immediate supervisor, Zach Everett ("Everett"), a copy of a letter from his doctor, Robert L. Duhaney, M.D. of Texas Health Physicians Group ("Dr. Duhaney"). *Id.* ¶ 55. Dr. Duhaney's letter stated that Stewart had "an acute musculoskeletal issue" that would require "sedating medications" and that Stewart "would

---

[1] Stewart alleges that Defendant AutoRevo RC, L.L.C. is the general partner in Defendant AutoRevo, LTD.

benefit from being able to work from home." *Id.* ¶¶ 57-58 (citing Compl. Ex. A). That same day, Mark Hoffman ("Hoffman"), President of AutoRevo, sent Stewart an email stating,

> I'm sorry that you are in pain, but I don't see how working from home alleviates anything. . . . Paul, if you are having to take sedative medications during work hours then I certainly don't want you on the phone with customers. Just yesterday, you wanted to drive around to dealers. If you are taking sedative medications and are in pain to an extent that working in the office is impossible, I don't see how you would have thought that driving around in a car, in pain, and under medication, was a good idea. . . . If you are on medication to a degree that you need to work from home, then that would preclude you from making phone calls to our customers as well. Which is, of course, a condition of your employment here.

*Id.* ¶¶ 68-73 (citing Compl. Ex. B).

The next day, May 8, 2014, AutoRevo fired Stewart. *Id.* ¶ 76. Stewart alleges that within three months, he was replaced by Devin French ("French"), "a younger White man with . . . less telemarketing experience" than Stewart. *Id.* ¶ 82. According to Stewart, AutoRevo did not regard French as disabled when he was hired by the company, but French was actually diabetic. *Id.* ¶¶ 83-87. Stewart alleges that AutoRevo fired French after French talked with the company's management about his possible need for surgery. *Id.* ¶ 89.

Stewart further alleges that as of December 31, 2016, other than himself, AutoRevo had employed only one other African-American person as a National Dealer Consultant. *Id.* ¶ 91. According to Stewart, Everett was also the other African-American employee's immediate supervisor. *Id.* ¶ 92. Stewart claims that the other African-American employee was also fired by AutoRevo. *Id.*

### B. Procedural History

Per Special Order 3-318, this case was transferred from the docket of Judge Jane J. Boyle to the docket of this Court on March 8, 2018.

Stewart filed this action on January 3, 2017, alleging five counts of discrimination under the Americans with Disabilities Act ("ADA") and one count of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) on April 21, 2017. The Court granted the motion on November 8, 2017 (the "Boyle Order").

The Court dismissed with prejudice Stewart's claim that AutoRevo failed to participate in an interactive process to identify reasonable accommodations in violation of the ADA, holding that failure to engage in an interactive process is not by itself a violation of the ADA. Boyle Order 3-5. The Court also dismissed with prejudice Stewart's claim that he was regarded as disabled and AutoRevo failed to accommodate his disability in violation of the ADA, holding that there is no claim under the ADA for failure to accommodate based on a regarded-as disability. *Id.* at 8.

The Court dismissed without prejudice the remainder of Stewart's ADA claims, holding that Stewart did not plead sufficient facts to establish either that he has an actual physical impairment or that AutoRevo regarded him as disabled. *Id.* at 6-7. The Court also dismissed without prejudice Stewart's Title VII claim, holding that Stewart did not offer any facts from which the Court could draw the inference that Stewart was terminated because of his race. *Id.* at 9.

Stewart filed his First Amended Complaint on November 15, 2017, and he filed his Second Amended Complaint on March 2, 2018. In his Complaint, Stewart seeks to hold Defendants liable for (1) failure to accommodate under the ADA, (2) disparate treatment under the ADA, and (3) disparate treatment under Title VII. Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) on March 12, 2018. Stewart filed his response on April 11, 2018. No reply was filed by Defendants.

## II. THE RULE 12(b)(6) STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). However, the court may also consider documents outside of the pleadings if they fall within certain limited categories. First, the "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial

notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, the "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Third, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (internal citations omitted); *see also, e.g., Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand." (internal citations omitted)).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III. ANALYSIS

#### A. ADA Claims

#### (1) Failure to Accommodate

Stewart alleges, "Defendant AutoRevo LTD had notice of Plaintiff Paul Stewart's physical or mental impairment and unlawfully failed to reasonably accommodate it." Compl. ¶ 107. The ADA forbids covered employers from "discriminat[ing] against a qualified individual on the basis of disability" regarding the 'terms, conditions, and privileges of employment." *Patton v. Jacobs*

*Eng'g Grp., Inc.*, 874 F.3d 437, 442 (5th Cir. 2017) (alterations in original) (quoting 42 U.S.C. § 12112(a)). Discrimination includes failure to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . , unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." *Id.* (alterations in original) (quoting 42 U.S.C. § 12112(b)(5)(A)).

To state a failure to accommodate claim, the plaintiff must allege facts showing that (1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations. *Id.* (internal citations and quotations omitted); 42 U.S.C. § 12112(b)(5)(A).

A plaintiff must demonstrate that he has a disability to state an ADA claim. *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996). Under the ADA, a "disability" is: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 614 (5th Cir. 2009) (quoting 42 U.S.C. § 12102(2)).

To establish that he suffers from the actual disability that he alleges, Stewart must demonstrate that he has a physical impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1)(A). The EEOC regulations define physical impairment as "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems." 29 C.F.R. § 1630.2(h)(1). Major life events include, "eating, sleeping, walking, standing, lifting, bending, . . . [and] breathing." 42 U.S.C. § 12102(2)(A).

As to the first prong, that he is a qualified individual with a disability,[2] Stewart alleges that he suffered from "an increasingly painful neck/back condition" described by his doctor as "an acute musculoskeletal issue." Compl. ¶¶ 43, 57. Stewart claims that his "neck/back condition had become so excruciatingly painful that he could no longer sleep soundly." Id. ¶ 44. According to Stewart, his condition affected his ability to sit upright, lift more than 10 pounds, bend down from a standing position to touch his toes, and bathe and dress himself. Id. ¶¶ 44-47. Stewart alleges that his condition began sometime between November 2013 and January 2014 and "persisted for at least another 6 months after Defendant AutoRevo fired him." Id. ¶¶ 43, 78.

As to the second prong, that his employer knew his disability and its consequential limitations, Stewart alleges that he told his immediate supervisor, Everett, about his neck/back condition. Id. ¶ 51. Stewart further alleges that it was Everett who suggested he see Dr. Duhaney about his condition. Id. ¶ 52. According to Stewart, he gave Everett a copy of the letter from Dr. Duhaney describing his condition, and he requested to work from home and take medications. Id. ¶ 55. Stewart claims that AutoRevo's president, Hoffman, also received notice of his condition after Everett showed Hoffman the letter from Dr. Duhaney. Id. ¶ 71.

As to the final prong, that AutoRevo failed to make reasonable accommodations, Stewart alleges that the day after he gave a copy of the letter to Everett, AutoRevo, "without having accepted Dr. Duhaney's invitation to provide more information regarding [Stewart's] neck/back condition, and without discussing [Stewart's] back/neck condition further with [Stewart], fired [Stewart]." Id. ¶ 76. According to Stewart, rather than engage in a good faith interactive process for identifying a reasonable accommodation, AutoRevo "abruptly and unlawfully" fired him. Id. ¶¶ 105-06.

---

[2] The parties do not appear to dispute whether Stewart is a qualified individual, only whether Stewart has sufficiently alleged that he suffers from a disability.

Accepting all well-pleaded facts as true and construing the Complaint in the light most favorable to the plaintiff, the Court finds that Stewart pleads sufficient facts to state a plausible claim of failure to accommodate under the ADA. Therefore, Defendants' motion to dismiss as to Stewart's failure to accommodate claim is denied.

### *(2) Disparate Treatment*

The Supreme Court has said that "[d]isparate treatment . . . is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or [other protected characteristic]." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003) (internal quotation marks omitted) (quoting *Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977). Liability in a disparate treatment case depends on whether the protected trait actually motivated the employer's decision. *Id.* (citation omitted). Stewart alleges that Defendants are liable for disparate treatment under the ADA for firing him. Pl.'s Resp. 7. According to Stewart, his "neck/back condition was at least a motivating factor" in AutoRevo's decision to fire him. Compl. ¶ 116.

To establish a claim for disparate treatment under the ADA, Stewart must sufficiently allege that he: (1) suffers from a disability; (2) is qualified for the job; (3) was subject to an adverse employment action; and (4) was replaced by a non-disabled person or was treated less favorably than non-disabled employees. *Burch v. Coca-Cola Co.*, 119 F.3d 305, 320 (5th Cir. 1997); *see also Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

The Court has already discussed the first two prongs above and determined that Stewart has sufficiently pled that he suffers from a disability and that whether Stewart is qualified for the job is not in dispute. *See supra* Section III.A.1. As to the third prong, it is undisputed that Stewart

suffered an adverse employment action—he was fired. As to the final prong, Stewart alleges that he was replaced by French. Compl. ¶ 82. According to Stewart, AutoRevo did not regard French as disabled when they hired him. *Id.* ¶ 83.

Construing the allegations in the light most favorable to Stewart, the Court holds that he has alleged sufficient facts to "state a claim to relief" under the ADA for disparate treatment that is "plausible on its face." *Twombly*, 550 U.S. at 570. The Complaint alleges sufficient facts to support at least a plausible inference that Stewart's neck/back condition was a motivating factor in Defendants' decision to terminate his employment. Accordingly, the Court denies Defendants' motion to dismiss Stewart's disparate treatment claim.

### *B. Title VII Claim*

Stewart also brings a claim for disparate treatment under Title VII, alleging that his race "was at least a motivating factor" in AutoRevo's decision to fire him. Compl. ¶ 135. Title VII prohibits employment discrimination against "any individual . . . because of such individual's . . . race." 42 U.S.C. § 2000e-2(a)(1). To establish a claim of disparate treatment under Title VII, Stewart must sufficiently allege that: (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he was the subject of an adverse employment action; and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Moore v. Univ. of Miss. Med. Ctr.*, 719 F. App'x 381, 384 (5th Cir. 2018). The ultimate question in a Title VII disparate treatment claim is whether the defendant took the adverse

employment action against the plaintiff because of his protected status. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citation omitted).

The Court previously dismissed Stewart's Title VII claim, concluding that Stewart did not offer any facts from which the Court could draw an inference that he was terminated because of his race. Boyle Order 9. "Simply stating that he is African American and his replacement is Caucasian is insufficient." *Id.*

In his Second Amended Complaint, Stewart now alleges that within three months after his termination, AutoRevo hired French, "a younger White man," to replace him. Compl. ¶ 82. Stewart further alleges that at the time he was hired, AutoRevo did not regard French as disabled. *Id.* ¶ 83. However, according to Stewart, French was actually diabetic, and his employment with AutoRevo was terminated when he allegedly spoke with the company's management about his possible need for surgery. *Id.* ¶¶ 87, 89. These new allegations are seemingly an attempt by Stewart to bolster his Title VII claim as to the fourth prong—that he was treated less favorably because of his race than were other similarly situated employees who were not African American, under nearly identical circumstances. However, the Court finds that these factual allegations cut against Stewart's claim. AutoRevo allegedly fired Stewart, who is African American, when he gave notice of his disability. AutoRevo also then allegedly fired French, who is allegedly not African American, when he gave notice of his need for surgery. Stewart fails to allege sufficient facts to suggest that he was treated less favorably than similarly situated employees who are not African American.

In his Second Amended Complaint, Stewart also now alleges that other than himself, AutoRevo "had employed only one other African-American person ('that other guy') as a National Dealer Consultant." *Id.* ¶ 91. According to Stewart, AutoRevo "fired that other guy, too." *Id.* ¶

93. The Court finds that these allegations are highly speculative and conclusory, and the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer*, 484 F.3d at 780. Therefore, these allegations are insufficient to support Stewart's claim that AutoRevo terminated his employment because of his race.

Stewart's complaint does not allege sufficient facts, direct or circumstantial, that would suggest Defendants' actions were based on Stewart's race or that Defendants treated similarly situated employees of other races more favorably. Stewart must establish "more than a sheer possibility" that AutoRevo terminated his employment because of his race. *Iqbal*, 556 U.S. at 678. Because Stewart "has failed to raise [his] right to relief about the speculative level," the Court grants Defendants' motion to dismiss as to Stewart's Title VII claim. *Raj*, 714 F.4d at 331 (quoting *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)).

## IV. CONCLUSION

The Court grants in part and denies in part Defendants' Motion to Dismiss. The Complaint states a claim to relief for failure to accommodate and disparate treatment under the ADA that is plausible on its face. Stewart's Title VII claim is dismissed with prejudice.

**SO ORDERED.**

SIGNED July 25, 2018.

_____
KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE